# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cr-03103-02-SRB |
| | ) | |
| SEAN BOND, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Sean Bond's Amended Motion for Compassionate Release and Sentence Reduction or Modification. (Doc. #231.) For the reasons stated below, the motion is granted.

### I. BACKGROUND

In 2014, Defendant Bond pled guilty to conspiracy to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Doc. #70.) In 2015, the Court sentenced Defendant Bond to two 144-month terms of imprisonment, to be served concurrently, followed by a five-year term of supervised release. (Doc. #157.) Defendant Bond is currently incarcerated at the federal correctional institution located in Terre Haute, Indiana ("FCI Terre Haute") and his projected release date is July 21, 2025.

Defendant Bond petitioned the Warden of FCI Terre Haute for compassionate release on September 27, 2020, and states he had not yet received a response to his request. On November 5, 2020, Defendant Bond filed a *pro se* motion requesting compassionate release (Doc. #215), stating the threat posed by COVID-19 is an extraordinary and compelling reason to grant his

early release. On February 3, 2021, the Federal Public Defender entered an appearance on Defendant Bond's behalf and filed an amended motion for compassionate release.

In seeking compassionate release, Defendant Bond states that he is the recipient of a kidney transplant and the medication he must take to prevent his body from rejecting that kidney suppresses his immune system. He argues his immunosuppressed condition, along with other diagnosed co-morbidities, place him at a heightened risk of serious illness or death should he contract COVID-19. Defendant Bond additionally states that FCI Terre Haute has some of the highest infection rates among federal penitentiaries in the country; as of early February 2021, over 1,134 inmates at FCI Terre Haute have tested positive for COVID-19. The Government opposes Defendant Bond's motion, stating he remains a danger to the community and the 18 U.S.C. § 3553(a) factors do not support his release.

## II. LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as

provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving that he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 10-CR-17, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

## III. DISCUSSION

As a threshold issue, the Court finds Defendant Bond has exhausted his administrative remedies and may, in turn, seek relief directly from this Court. Additionally, the Government concedes, and the Court agrees, that Defendant Bond's health conditions are extraordinary and compelling reasons justifying his release. In turn, the Court considers whether the factors under 18 U.S.C. § 3553(a) and § 3142(g) support a sentence reduction.

### A. The 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g) Factors Do Not Weigh Against Compassionate Release

Defendant Bond argues the 18 U.S.C. § 3553(a) factors do not weigh against a sentence reduction, emphasizing that he is a nonviolent offender who has already completed a significant portion of his sentence and maintained a record of positive conduct while incarcerated. He also notes his continued employment while incarcerated, his participation in numerous educational programs, and that he earned his GED. The Government opposes a sentence reduction, arguing Defendant Bond has an extensive criminal past rife with assaultive behavior. The Government also notes Defendant Bond's underlying crime involved a major marijuana distribution operation and that he previously threatened a government witness while awaiting sentencing, all facts that show Defendant Bond remains a danger to the community and should not be released.

3

Upon review of the record and the factual circumstances of this case, the Court finds the § 3553(a) factors support a sentence modification.[1]  Defendant Bond has served a significant portion of his total prison sentence, which reflects the seriousness of his offense, promotes respect for the law, and provides just punishment for the offense that he committed.  During his time in prison, Defendant Bond has engaged in numerous rehabilitative programs and worked to develop skills that will enable him to obtain employment and be self-sufficient upon release.  The Court acknowledges the serious nature of Defendant Bond's underlying offense and his criminal past, but finds that his release poses a relatively low risk of danger to the community.  Additionally, Defendant Bond will be subject to his five-year term of supervised release upon his release, the terms of which additionally promote respect for the law, protect the public, and afford adequate deterrence of future criminal conduct.  The Court observes that Defendant Bond will face harsh consequences should he violate any of the specific conditions activated upon his release from the Bureau of Prison's ("BOP") custody.

---

[1] The 18 U.S.C. § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...;]
>
> (5) any pertinent policy statement [issued by the Sentencing Commission ...;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

On balance, the Court additionally finds Defendant Bond no longer poses a danger to the community pursuant to the factors under 18 U.S.C. § 3142(g).[2] Defendant Bond's prison record shows he exhibits a positive demeanor and has no history of violent disciplinary actions while incarcerated. Further, Defendant Bond states his family will provide him with a strong support network and stability upon his release. As discussed earlier, Defendant Bond will be subject to a five-year term of supervised release upon his release, ensuring he will continue to be adequately monitored. For these reasons, Defendant Bond's release does not pose a serious risk of danger to the community and the § 3142(g) factors do not weigh against a sentence reduction.

In sum, given Defendant Bond's heightened risk of serious illness or death should he contract COVID-19, the Court finds he has established an extraordinary and compelling reason warranting his release. The Court also finds the § 3553(a) sentencing factors support a reduction of Defendant Bond's sentence and that he poses a low risk of danger to the community. In turn, Defendant Bond's motion for compassionate release is granted.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Bond's Amended Motion for Compassionate Release and Sentence Reduction or Modification (Doc. #231) is **GRANTED.**

---

[2] The § 3142(g) factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant Bond's term of imprisonment is hereby reduced to time served. The Court will enter an amended judgment separately to reflect Defendant Bond's amended sentence.

It is **FURTHER ORDERED** that:

(1) Defendant Bond's *pro se* motion for compassionate release (Doc. #215) is denied as moot.

(2) This Order is stayed for up to fourteen days, for the verification of Defendant Bond's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant Bond's safe release. Defendant Bond shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant Bond to travel. There shall be no delay in effectuating these conditions precedent to his release. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant Bond's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended. The Court leaves it to the discretion of the BOP and the United States Probation Office to determine whether quarantine is necessary and, if so, whether that quarantine is served in BOP custody or instead in the community.

(3) Upon his release from BOP custody, Defendant Bond will begin his five-year term of supervised release as set forth in his July 28, 2015, Judgment and Commitment. (Doc. #157.)

(4) The United States Probation Office shall take all appropriate steps to communicate and facilitate Defendant Bond's release.

**IT IS SO ORDERED.**

Dated: February 18, 2021

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE